UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BONITA F.[1],

                        Plaintiff,

v.                                                     CASE # 20-cv-00170

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | MARY ELLEN GILL, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | CATHERINE ZURBRUGG, ESQ.<br>MONIKA CRAWFORD, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on August 13, 1966, and has at least a high school education. (Tr. 110, 139). Generally, plaintiff's alleged disability was back injury, degenerative disc disease, back spasms and high blood pressure. (Tr. 133). Her alleged onset date was February 2, 2008, which she later amended to March 18, 2009. (Tr. 10). Her date last insured was December 31, 2014. (Tr. 367).

### B. Procedural History

On September 21, 2009, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 108). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On November 9, 2010, plaintiff appeared before the ALJ, William Weir. (Tr. 19-58). On March 25, 2011 ALJ Weir issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 7-18). The Appeals Council (AC) denied plaintiff's request for review and plaintiff timely sought judicial review in this Court.

On August 8, 2014, this court remanded the case for further administrative proceedings. (Tr. 528-52). A second hearing with ALJ Weir took place on July 20, 2015, and a second unfavorable decision was issued on July 22, 2016. (Tr. 454-72, 478-511). The AC denied request for review on January 4, 2017, and plaintiff again sought judicial review in this Court.

On February 20, 2018, the Commissioner stipulated to remand of this case and the AC issued an order remanding the case to a new ALJ. (Tr. 1033, 1036-37). On September 24, 2019,

ALJ Timothy McGuan held a hearing and issued a third unfavorable decision on October 7, 2019. (Tr. 968-1006). Plaintiff then proceeded to file for judicial review in this Court.

### C. The ALJ's Decision

Generally, in ALJ McGuan's decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2014.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of February 2, 2008[2] through her date last insured of December 31, 2014 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease without disc herniation and back injury (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant requires the ability to change positions from sitting to standing or vice versa every thirty minutes, can occasionally climb stairs and ramps, can occasionally stoop, crouch and balance and can never kneel, crawl or climb ropes, ladders or scaffolds.

6. Through the date last insured, the claimant was capable of performing past relevant work as a Phlebotomist, DOT 079.364-22, semi-skilled work (SVP3), classified at the light exertional level and performed at the medium exertional level. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from February 2, 2008, the alleged onset date, through December 31, 2014, the date last insured (20 CFR 404.1520(f)).

(Tr. 968-80).

---

[2] The ALJ acknowledged earlier in the decision that the amended onset date was March 18, 2009 due to earnings at the level of substantial gainful activity and that the amended onset date remained justified. Plaintiff does not raise this typographical error as an issue. (Tr. 971).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. First, she argues the ALJ's RFC assessment was unsupported by substantial evidence because it was inconsistent with all medical opinion evidence and based on the ALJ's own lay interpretation of the medical records. Second, the ALJ did not apply the treating physician rule when evaluating Dr. Gosy's opinion. (Dkt. No. 8 at 1 [Plaintiff's Mem. of Law]).

### B. Defendant's Arguments

In response, defendant asserts two arguments. First, defendant argues the ALJ's RFC is supported by substantial evidence and based on a review of the record as a whole, including all medical opinion evidence. (Dkt. No. 12 at 11-16 [Defendant's Mem. of Law]). Second, defendant argues the ALJ properly considered and weighed the Dr. Gosy opinion. (Dkt. No. 12 at 17-22).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.   **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A.   RFC

Plaintiff contends the ALJ's RFC findings were unsupported by substantial evidence and he used lay judgment to determine plaintiff's limitations. (Dkt. No. 7 at 8). Plaintiff asserts all medical opinions in the administrative record indicate plaintiff is unable to stand/walk in combination for a total of more than four hours in an eight-hour workday, which is inconsistent with the ALJ's finding that she could perform light work[3] with a sit/stand option to change positions between sitting and standing every 30 minutes. (Tr. 1001-02).

RFC is defined as what an individual can still do despite his or her limitations. *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). To determine a claimant's RFC the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, pain and other limitations that could interfere with work activities on a regular and continuing basis. 20 C.F.R. § 404.1545(a). Here, plaintiff relies on case law to argue the sit/stand limitation in the RFC is based on the ALJ's own surmise. However the Second Circuit has repeatedly found an RFC assessment does not have to conform to specific medical opinions, particularly where other substantial evidence supports the RFC determination. *Matta v. Astrue*, 508 F.App'x 53, 56 (2d Cir. Jan. 25, 2013) (summary order)

---

[3] Light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. SSR 83-10, 1983 WL 31251, *6 (S.S.A. 1983).

("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."), citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971) ("[w]e therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict"). Further, although plaintiff is correct that the RFC must be supported by medical opinions, it is ultimately the ALJ's duty to formulate the RFC after evaluating the opinion evidence, treatment records, and the testimony of the claimant. *Davis v. Colvin*, No. 15-CV-6695P, 2017 WL 745866, at *11 (W.D.N.Y. Feb. 27, 2017) (finding that the ALJ did not err by assessing a one-hour standing limitation even though it did not precisely correspond to any medical opinion because the plaintiff's daily activities, treatment history, and a consultative examiner's evaluation supported that limitation).

In assessing the light RFC, ALJ McGuan properly considered the objective medical evidence, including opinion evidence. ALJ McGuan cited Dr. Gosy's records from March 2009 to November 2013 which revealed full strength throughout, intact sensation, normal grip strength and a normal gait, despite reports of worsening symptoms. (Tr. 976 and 978; *relying on* Tr. 235-236, 272-273, 282, 361, 382, 422, 426, 429, 923, 927, 930, 934, 938, 942, 945, 946, 948, 952, 956, 959, 960, 963, and 966). The only exam by a spinal specialist, in July 2009 by Dr. William Capicotto, revealed normal results. (Tr. 975, *referring to* Tr. 357). Dr. Capicotto observed that lumbar spine x-rays showed normal alignment, and that a May 2009 lumbar spine MRI showed relatively normal findings with no evidence of herniated discs, no significant degeneration, and no spondylosis. (*Id.*). He concluded plaintiff had no evidence of disc herniation and that there was no indication for spinal surgery. (*Id.*).

Although giving limited weight to the opinion of consultative examiner Dr. Siddiqui, the ALJ considered the examination which showed plaintiff had a normal gait, walked on her heels and toes without difficulty, could perform a full squat, needed no assistance changing or getting on or off the examination table, used no assistive device, had full strength and normal sensation, and, significantly, that she exhibited a full range of motion in her spine as well as all joints in her upper and lower extremities. (Tr. 977, *referring to Tr*. 769-70). The ALJ also appropriately noted that plaintiff had failed to follow-up with recommended aquatic therapy despite stating that she found a treatment location close to her home, which undermines her claims of disabling symptoms. (Tr. 976, *referring to* Tr. 899; see 20 C.F.R. § 404.1529(c)(4); Social Security Ruling (SSR) 16-3p ("[I]f the individual fails to follow prescribed treatment that may improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record.")). In summary, the objective medical evidence did not support the severity of plaintiff's alleged limitations but was reasonably relied upon when assessing the RFC.

The ALJ also appropriately relied on the medical opinion evidence in determining plaintiff's RFC. Medical expert Dr. Thompson testified plaintiff could lift and carry up to ten pounds continuously and up to twenty pounds occasionally, consistent with the RFC for light work. (Tr. 977, *referring to* 483-487). Dr. Thompson further concluded plaintiff could sit for two hours at one time and up to six hours in a day and stand and walk for up to one hour at a time and up to four hours in a day, and that plaintiff could occasionally climb stairs and ramps, stoop, kneel, or crouch. (Tr. 977, *referring to* Tr. 484-485). ALJ McGuan accorded great weight to the opinion and it was not an error, as alleged by plaintiff, for the ALJ to not adopt the entire opinion, particularly the standing and walking totals. The Court is able to clearly glean the ALJ's rationale that he relied on largely normal objective clinical examination results, conservative course of treatment, and

conflicting statements regarding her symptoms. (Tr. 974-978). S*ee Salmini v. Soc. Sec. Admin., Comm'r*, 371 F. App'x 109, 112-13 (2d Cir, 2010) (holding that an ALJ is permitted to look at the entire decision in support of the findings and conclusions at various steps of the sequential analysis). The ALJ correctly found that Dr. Thompson's opinion was generally consistent with the overall objective evidence that showed no more than mild limitations. (Tr. 769-770; 20 C.F.R. § 404.1520(c)(4) (generally the more consistent an opinion is with the evidence of record, the more weight it will be given)). As discussed above, treating source Dr. Gosy's records indicated normal exam findings continuously and Dr. Siddiqui's physical exam had no abnormal findings.

Further, the ALJ did not assess a sit/stand option based on his lay judgment, but rather on plaintiff's own testimony. At the 2019 hearing, plaintiff testified that during the period at issue, she could sit for up to half and hour before needing to change position. (Tr. 997). It was not an arbitrary limitation as alleged by plaintiff but rather due diligence by the ALJ to assess her statements for consistency. *See* SSR 16-3p; *see also Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109–10 (2d Cir. 2020) (summary order) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.'"). There is also a medical opinion from Dr. Gosy which finds claimant could sit or stand for 30 minutes at a time. (Tr. 976). Although Dr. Gosy's opinions were found to be inconsistent and therefore not given great weight, there is no error in an ALJ accepting part of an opinion. *Matta v. Astrue*, 508 F. App'x 53, 57 (2d Cir. 2013) (summary order) (because the ALJ's conclusions "may not perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision" plaintiff's RFC was proper because it "took account of the opinions of all … experts and the notes of other treatment providers")

## B. Dr. Gosy Opinions

Plaintiff argues the ALJ improperly rejected all of the treating source opinions from Dr. Gosy. (Dkt. No. 8 at 20). The treating physician rule is a series of regulations set forth by the Commissioner detailing the weight to be accorded a treating physician's opinion. 20 C.F.R. § 404.1527. Under the treating physician rule, the ALJ must give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). While an ALJ may discount a treating physician's opinion if it does not meet this standard, the ALJ must comprehensively set forth his reasons for the weight assigned to a treating physician's opinion. *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). While the ALJ must consider all medical opinions, a "slavish recitation of each and every factor [listed in 20 C.F.R. § 404.1527(c)]" is unnecessary "where the ALJ's reasoning and adherence to the regulation are clear," *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (summary order) (citing *Halloran*, 362 F.3d at 31-32).

In his decision, ALJ McGuan referenced that the only significant treatment plaintiff received was from pain management physician Dr. Gosy. (Tr. 975). The ALJ identified the opinions but concluded they were inconsistent:

> In his treatment notes, he documents a 33% disability from 2008 through 2013 (1F; 4F; 5F; 9F; 13F; 14F; 22F). Inexplicably, in May 2009, he limits the claimant to a sedentary range of work despite no significant objective findings (5F/9-13). (Tr. 978).

10

The ALJ specifically found the opinions were inconsistent with each other but his analysis also reveals the opinions were inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(c)(2). An ALJ must give controlling weight to a treating source's opinion only when it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record). As discussed above, ALJ McGuan highlighted Dr. Gosy's relatively unremarkable objective findings, reported improvements with treatment, and failure by plaintiff to adhere to recommended aquatic therapy on multiple occasions. 20 C.F.R. § 404.1527(c)(4) (generally, the more consistent an opinion is with the evidence of record, the more weight it will be given). In evaluating the medical source, the ALJ also correctly observed that Dr. Gosy cited only positive straight leg raise tests at an unspecified degree, muscle spasms, and tenderness as the positive objective signs supporting his opinion, but notably did not cite any restrictions in range of motion or other positive signs that would require such significant limitations. (Tr. 976, referring to Tr. 277; 20 C.F.R. § 404.1517(c)(3) (generally, the more support a source provides for an opinion, the greater weight that opinion will be given)).

While the ALJ plainly acknowledged plaintiff's long treatment history with Dr. Gosy, considered his treatment records throughout the treatment period, and noted his specialty as a pain management physician, the ALJ reasonably determined that Dr. Gosy's opinion regarding plaintiff's functional limitations was not sufficiently supported by or consistent with the evidence of record. (Tr. 975-978; 20 C.F.R. § 404.1527(c)(2) (treatment history), (3) (supportability), (4) (consistency) (5) (specialty)).

Finally, the opinions from Dr. Gosy were inconsistent with substantial evidence of record, including objective physical examination findings from Dr. Capicotto and Dr. Siddiqui. (*See* Tr. 975-78). Two months after Dr. Gosy's May 2009 opinion, Dr. Capicotto reviewed the plaintiff's lumbar spine MRI and assessed it was relatively normal and was not a surgical candidate because

11

plaintiff's pain was not of a sufficient severity. (Tr. 975, *referring to* Tr. 357). Dr. Capicotto's generally normal or mild observations regarding plaintiff's back impairment further contradict Dr. Gosy's restrictive opinion. 20 C.F.R. § 404.1527(c)(4) (consistency).

Dr. Gosy's opinions stating percentage of total disability are opinions to the ultimate issue of disability, which is an issue reserved to the Commissioner. *See William J.D. v. Comm'r, Social Security*, 17-cv-0981, 2018 WL 6671533, at *6 (N.D.N.Y. Dec. 19, 2018) (noting that assessments made in the context of a worker's compensation claim are based on "a standard that is entirely different from that applicable to the assessment of disability under the Act"); *Taylor v. Barnhart*, 83 F. App'x 347, 349 (2d Cir. 2003) (affirming that district court did not err in giving treating physician's assessment that claimant was "temporarily totally disabled" no weight because "the ultimate issue of disability is reserved to the Commissioner").

Indeed, the substantial evidence standard is so deferential that there could be two contrary rulings on the same record and both may be affirmed as supported by substantial evidence. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012). "[O]nce an ALJ finds facts, [the Court] can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Brault*, *Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order); *Rouse v. Colvin*, No. 14-CV-817S, 2015 WL 7431403, at *6 (W.D.N.Y. Nov. 23, 2015) (unpublished). ALJ McGuan properly weighed the medical evidence, including treatment notes, objective findings, medical opinions, and plaintiff's testimony to reach an RFC determination that reflected his analysis of the evidence of record.

**ACCORDINGLY, it is**

  **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is

  <u>**DENIED**</u>; and it is further

  **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 12) is

  <u>**GRANTED**</u>.

Dated: June 11, 2021              <u>*J. Gregory Wehrman*</u>
Rochester, New York             HON. J. Gregory Wehrman
                    United States Magistrate Judge